**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                              (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | Chicken Soup for the Soul Studios, LLC | |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   8 7 – 3 7 8 9 9 9 3

4. **Debtor's address**

   **Principal place of business**

   132 East Putnam Avenue
   Number    Street

   Floor 2W

   Cos Cob          CT     06807
   City             State  ZIP Code

   Fairfield County
   County

   **Mailing address, if different from principal place of business**

   Number      Street

   P.O. Box

   City              State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number      Street

   City              State     ZIP Code

5. **Debtor's website** (URL)    https://cssentertainment.com/

| Debtor | <u>Chicken Soup for the Soul Studios, LLC</u> | Case number *(if known)*_____ |
|---|---|---|
| | <small>Name</small> | |

---

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>  <u>1</u>   <u>2</u>  <u>1</u>

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    <u>Chicken Soup for the Soul Studios, LLC</u>                    Case number (*if known*)_____
          <sub>Name</sub>

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No

   ☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY

           District _____  When _____  Case number _____
                                          MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes.  Debtor  See Schedule 1, attached.          Relationship _____

            District _____  When _____
                                                             MM  /  DD  / YYYY

            Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number      Street

                              _____

                              _____  _____
                              City                      State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

█ **Statistical and administrative information**

---

Debtor    <u>Chicken Soup for the Soul Studios, LLC</u>                                  Case number (*if known*)_____
          Name

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>06/28/2024</u>
              MM  / DD / YYYY

✖ <u>  /s/ Bart M. Schwartz  </u>                              <u>Bart M. Schwartz  </u>
Signature of authorized representative of debtor             Printed name

Title <u>Chief Executive Officer  </u>

---

Debtor    Chicken Soup for the Soul Studios, LLC
_____
Name

Case number (*if known*)_____

---

**18. Signature of attorney**    ✘  */s/ Ricardo Palacio*
_____    Date    06/28/2024
_____
Signature of attorney for debtor                                         MM  / DD / YYYY

Ricardo Palacio
_____
Printed name

Ashby & Geddes, P.A.
_____
Firm name

500 Delaware Avenue, 8th Floor
_____
Number         Street

Wilmington
_____        DE        19801
_____
City                                                            State      ZIP Code

(302) 654-1888
_____        RPalacio@ashbygeddes.com
_____
Contact phone                                                   Email address

3765
_____        DE
_____
Bar number                                                      State

---

**Fill in this information to identify the case and this filing:**

Debtor Name  Chicken Soup for the Soul Studios, LLC

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Interest Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/28/2024
MM / DD / YYYY

✖ */s/ Bart M. Schwartz*
Signature of individual signing on behalf of debtor

Bart M. Schwartz
Printed name

Chief Executive Officer
Position or relationship to debtor

## <u>SCHEDULE 1 TO VOLUNTARY PETITION</u>

On the date hereof, each of the related entities listed below (collectively, the "<u>Debtors</u>"), including the Debtor in this chapter 11 case, will file or has filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended.

Substantially contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court consolidate their respective chapter 11 cases for administrative purposes only such that the chapter 11 cases will be jointly administered under the case number assigned to Chicken Soup for the Soul Entertainment Inc.

1.      757 Film Acquisition LLC:  35-2344300

2.      Chicken Soup for the Soul Entertainment Inc.:  81-2560811

3.      Chicken Soup for the Soul Studios, LLC:  87-3789993

4.      Chicken Soup for the Soul Television Group, LLC

5.      Crackle Plus, LLC:  83-4459379

6.      CSS AVOD Inc.:  86-3704038

7.      CSSESIG, LLC:  87-3227150

8.      Digital Media Enterprises LLC

9.      Halcyon Studios, LLC:  87-1043312

10.     Halcyon Television, LLC:  86-3689873

11.     Landmark Studio Group LLC:  84-3073671

12.     Locomotive Global, Inc.:  46-1962094

13.     Pivotshare, Inc.:  27-2852165

14.     RB Second Merger Sub LLC:  88-3670754

15.    Redbox Automated Retail, LLC:  26-0100436

16.    Redbox Entertainment, LLC:  85-4007085

17.    Redbox Holdings, LLC:  85-3377338

18.    Redbox Incentives LLC:  80-0771123

19.    Redwood Intermediate, LLC:  87-3142733

20.    Screen Media Films, LLC

21.    Screen Media Ventures, LLC:  52-2172466

22.    TOFG LLC:  83-3600508

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1] | Case No. 24-_____ |
| Debtors. | (Joint Administration Requested) |

**ATTACHMENT TO VOLUNTARY PETITION FOR NON-INDIVIDUALS
FILING FOR BANKRUPTCY UNDER CHAPTER 11**

1.      If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-38125.

2.      The following financial data is the latest available information and refers to the debtor's condition on March 31, 2024.[2]

(a)      Total Assets (on a consolidated basis):          $414,075,844

(b)      Total Debts (on a consolidated basis):          $970,002,065

(c)      Debt securities held by more than 500 holders:

> Pursuant to the Indenture and the First Supplemental Indenture, each dated as of July 17, 2020, between Chicken Soup for the Soul Entertainment Inc., as issuer, and U.S. Bank National Association, as trustee, Chicken Soup for the Soul Entertainment Inc. issued its 9.50% Notes due July 21, 2025, in the aggregate principal amount of $44,855,900.  The Notes are unsecured.  The Notes were issued in global form and are registered in the name of Cede & Co. as nominee for The Depository Trust Company.  The Debtors do not maintain a list of the beneficial owners of the Notes.  The aggregate

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).  The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2]      Total Assets and Total Debts are based on amounts reported in Chicken Soup for the Soul Entertainment Inc.'s Form 10-Q filed May 20, 2024.

principal amount of the Notes outstanding as of the petition date is $44,855,900, with accrued, unpaid interest as of March 31, 2024, in the amount of approximately $1,100,000.

(d) Number of shares of Series A cumulative redeemable perpetual preferred stock: 10,000,000 shares authorized; 6,897,048 shares issued and outstanding.

(e) Number of shares of Class A common stock:  140,000,000 shares authorized; 27,237,500 shares issued and 24,804,458 shares outstanding.

(f) Number of shares of Class B common stock: 20,000,000 shares authorized; 7,654,506 shares issued and outstanding.

Comments, if any:  N/A

3.    Brief description of debtor's business:  Chicken Soup for the Soul Entertainment Inc. (the "Company") provides premium content to value-conscious consumers.  The Company is one of the largest advertising supported video-on-demand (AVOD) companies in the United States, with three flagship AVOD streaming services:  Redbox, Crackle, and Chicken Soup for the Soul.  In addition, the Company operates Redbox Free Live TV, a free ad-supported streaming television (FAST) service with approximately 130 channels as well as a transactional video-on-demand (TVOD) service, and a network of approximately 27,000 kiosks across the United States for DVD rentals.  To provide original and exclusive content to its viewers, the Company creates, acquires, and distributes films and TV series through its Screen Media and Chicken Soup for the Soul TV Group subsidiaries.  The Company's best-in-class ad sales organization is now known to advertisers as Crackle Connex, a sales platform of unique scale and differentiated reach.  Crackle Connex combines the ad inventory of owned-and-operated networks and inventory with other premium AVOD partners who have chosen the Company to represent them in the marketplace. Across Redbox, Crackle, Chicken Soup for the Soul, and Screen Media, the Company has access to many thousands of content assets.  Chicken Soup for the Soul Entertainment Inc. is a subsidiary

of Chicken Soup for the Soul, LLC, which publishes the famous book series and produces super-premium pet food under the Chicken Soup for the Soul brand name.

    4.    List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

    (a)    Chicken Soup for the Soul Holdings, LLC

    (b)    Chicken Soup for the Soul Productions, LLC

    (c)    Chicken Soup for the Soul, LLC

    (d)    William J. Rouhana, Jr.

**757 FILM ACQUISITION LLC**
**CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.**
**CHICKEN SOUP FOR THE SOUL STUDIOS, LLC**
**CHICKEN SOUP FOR THE SOUL TELEVISION GROUP, LLC**
**CRACKLE PLUS, LLC**
**CSS AVOD INC.**
**CSSESIG, LLC**
**DIGITAL MEDIA ENTERPRISES LLC**
**HALCYON STUDIOS, LLC**
**HALCYON TELEVISION, LLC**
**LANDMARK STUDIO GROUP LLC**
**LOCOMOTIVE GLOBAL, INC.**
**PIVOTSHARE, INC.**
**RB SECOND MERGER SUB LLC**
**REDBOX AUTOMATED RETAIL, LLC**
**REDBOX ENTERTAINMENT, LLC**
**REDBOX HOLDINGS, LLC**
**REDBOX INCENTIVES LLC**
**REDWOOD INTERMEDIATE, LLC**
**SCREEN MEDIA FILMS, LLC**
**SCREEN MEDIA VENTURES, LLC**
**TOFG LLC**

## SECRETARY'S CERTIFICATE

I, Amanda Edwards, Secretary of each of the entities specified above (each such entity, individually, a "Company" and, collectively, the "Companies"), hereby certify as of the date hereof that:

1.  I am the duly qualified and elected Secretary of each Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of each Company.

2.  Attached hereto as Exhibit A is a true and complete copy of the Resolutions of the entities specified above, duly adopted at a properly convened meeting of the board of directors, the board of managers, or the members of any other governing body, as the case may be (in each case, the "Governing Body"), on June 28, 2024, by vote of the Governing Body of each Company, in accordance with the bylaws of such Company.

3.  Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exists no other subsequent resolution of the Governing Body of any Company relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the June 28th

day of June 2024.

Amanda Edwards
Secretary

**JOINT WRITTEN CONSENT**
**OF**

**THE BOARD OF DIRECTORS OF**
**CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC. ("CSSE"),**

**AND OF**
**THE SOLE DIRECTOR AND ULTIMATE SOLE STOCKHOLDER OF EACH OF**
**CSS AVOD INC. ("CSS AVOD") AND**
**PIVOTSHARE, INC. ("PIVOTSHARE" AND TOGETHER WITH CSS AVOD, THE**
**"CORPORATE SUBSIDIARIES")**

**AND OF**

**THE SOLE MANAGER AND ULTIMATE SOLE MEMBER OF EACH OF**
**757 FILM ACQUISITION LLC**
**CHICKEN SOUP FOR THE SOUL STUDIOS, LLC**
**CHICKEN SOUP FOR THE SOUL TELEVISION GROUP, LLC**
**CRACKLE PLUS, LLC**
**CSSESIG, LLC**
**DIGITAL MEDIA ENTERPRISES LLC**
**HALCYON STUDIOS, LLC**
**HALCYON TELEVISION, LLC**
**LANDMARK STUDIO GROUP LLC**
**RB SECOND MERGER SUB LLC**
**REDBOX AUTOMATED RETAIL, LLC**
**REDBOX ENTERTAINMENT, LLC**
**REDBOX HOLDINGS, LLC**
**REDBOX INCENTIVES LLC**
**REDWOOD INTERMEDIATE, LLC**
**SCREEN MEDIA FILMS, LLC**
**SCREEN MEDIA VENTURES, LLC**
**TOFG LLC**
**(ALL OF THE FOREGOING ENTITLES COLLECTIVELY BEING THE "LLC**
**SUBSIDIARIES")**

**AND**
**THE BOARD OF DIRECTORS OF**
**LOCOMOTIVE GLOBAL, INC. ("LOCOMOTIVE" AND COLLECTIVELY WITH CSSE, CSS**
**AVOD, PIVOTSHARE AND THE SUBJECT SUBSIDIARIES, THE "COMPANIES" AND EACH**
**INDIVIDUALLY, A "COMPANY")**

**June 28, 2024**

All of (a) the members of the board of directors of CSSE and Locomotive, the sole director of each of the Corporate Subsidiaries, and the sole manager of each of the LLC Subsidiaries (with respect to each entity, the "Governing Body"), and (b) the ultimate holder of all of the outstanding voting power of each of the Corporate Subsidiaries and LLC Subsidiaries, hereby take the following actions and consent to, adopt, and agree, each in accordance with the applicable laws of the states of its formation relating to action by written consent in lieu of a meeting, to the following resolutions:

**WHEREAS**, the Companies are indebted under the Credit Agreement dated August 11, 2022 (as amended, restated, supplemented, extended, or modified from time to time, the "Credit Agreement"), by and among HPS Investment Partners, LLC ("HPS"), as administrative agent; the lenders that are parties thereto, as the lenders; Chicken Soup for the Soul Entertainment Inc. and Redbox Automated Retail, LLC, as borrowers; and the remaining Companies as guarantors;

**WHEREAS**, the Companies and HPS were parties to a Forbearance Agreement (the "Forbearance Agreement") dated as of April 29, 2024, pursuant to which HPS agreed to forbear in the exercise of remedies in light of certain existing defaults under the Credit Agreement, as enumerated in the Forbearance Agreement;

**WHEREAS**, the term of the Forbearance Agreement (as extended by agreement of the parties) expired on June 11, 2024;

**WHEREAS**, on June 11, 2024, all members of the Governing Body of each of the Companies were terminated in accordance with the respective Companies bylaws and operating agreements in accordance with the applicable laws of their respective states of formation, with the exception of William J. Rouhana, Jr., including the three then-serving members of the Strategic Review Committee (as defined in the Forbearance Agreement);

**WHEREAS**, by Joint Written Consent of the Sole Director and Majority Stockholder of CSSE, dated June 27, 2024, (i) the number of directors comprising the Board of Directors of CSSE was fixed at five (5) directors, and (ii) William J. Rouhana, Jr., Bart M. Schwartz, Joshua Mandel, Christopher Mitchell, and Steven Goldsmith were appointed to the Board of Directors of CSSE; and (c) Steven Goldsmith was appointed the sole director of each of the Corporate Subsidiaries and the sole manager of each of the LLC Subsidiaries;

**WHEREAS**, in light of the Company's current obligations, including under the Credit Agreement, and available financial resources, the Governing Body of each Company has considered one or more alternatives or transactions to reorganize or restructure the indebtedness and capital structure of the Companies, including, among other things, through (i) seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) an out-of-court restructuring of the Companies' indebtedness, (iii) an asset or equity sale to improve the Companies' liquidity or to facilitate a restructuring or repayment of the Companies' indebtedness, (iv) other similar transactions, or (v) a combination thereof (each, a "Possible Transaction" and, collectively, the "Possible Transactions");

**WHEREAS**, the Governing Body of each Company has considered one or more alternatives or transactions to reorganize or restructure the indebtedness and capital structure of the Companies, including, among other things, through (i) seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), including under the terms proposed by HPS in the Restructuring Term Sheet attached as Exhibit A to the Forbearance Agreement (the "HPS Restructuring"), (ii) an out-of-court restructuring of the Companies' indebtedness, (iii) an asset or equity sale to improve the Companies' liquidity or to facilitate a restructuring or repayment of the Companies' indebtedness, (iv) other similar transactions, or (v) a combination thereof (each, a "Possible Transaction" and, collectively, the "Possible Transactions");

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with management and has reviewed and discussed the materials and recommendations presented by management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives and Possible Transactions available to such Company, and the impact of the foregoing on such Company's business, including the risks and benefits of filing petitions seeking relief for such Company under chapter 11 of the Bankruptcy Code;

**WHEREAS**, the Governing Body has considered the potential cost to the Companies of undertaking the HPS Restructuring, including the potential for a substantial "roll-up" of indebtedness under the Credit Agreement as part of the proposed postpetition financing to be provided by HPS in an HPS Restructuring;

**WHEREAS**, the Governing Body of each Company has determined, after consulting with such Company's legal and financial advisors, that it is in the best interests of such Company and its constituencies that such Company avail itself of the protections afforded by chapter 11 of the Bankruptcy Code by filing a voluntary petition for relief under that chapter (a "<u>Chapter 11 Case</u>");

**WHEREAS**, the Governing Body of each Company has considered in detail and had the opportunity to ask questions about Company's Chapter 11 Case and related Bankruptcy Filings (as defined herein);

**WHEREAS**, each of the Companies, as borrower (collectively, the "<u>Borrowers</u>"), desire to enter into a debtor-in-possession credit agreement (the "<u>DIP Credit Agreement</u>") with Owlpoint IP Opportunities JVF I LP on its own behalf or, on behalf of its managed accounts, funds and affiliated entities (the "<u>DIP Lender</u>"), which would provide for, among other things, a debtor-in-possession credit facility for borrowings not to exceed $100 million (the "<u>Loan Facility</u>");

**WHEREAS**, in connection with the DIP Credit Agreement, certain of the Companies will be required (a) to guarantee the obligations of the Borrowers and the other guarantors under the DIP Credit Agreement and the agreements, instruments, and documents executed and delivered to the DIP Lender in connection therewith (the "<u>Obligations</u>") and (b) to grant liens on and security interests in certain of their assets as security for the Obligations, the guarantees referenced in the foregoing clause (a) and certain other obligations (collectively, the "<u>Secured Obligations</u>");

**WHEREAS**, the Governing Body of each Company has been advised of the material terms of the DIP Credit Agreement and the other documents ancillary to the DIP Credit Agreement (collectively, the "<u>Loan Documents</u>") to be executed on the date on which the Loan Facility closes;

**WHEREAS**, each Company expects to derive, directly or indirectly, benefits from the Loan Facility and the extensions of credit thereunder, and the Governing Body of each Company deems it necessary and advisable and in the best interests of such Company for such Company to, as applicable, (i) guarantee the Obligations, (ii) grant liens on certain assets of such Company to secure the Secured Obligations, (iii) mortgage, charge, or otherwise pledge its equity in one or more subsidiaries of such Company (as applicable), and/or (iv) execute and deliver the DIP Credit Agreement and each of the Loan Documents to which it is a party (as applicable) and perform its obligations thereunder;

**WHEREAS**, the Governing Body of each Company deems it advisable and in the best interests of such Company to authorize and empower any Authorized Person (as defined herein), for and on behalf of such Company, to negotiate, execute, and deliver the DIP Credit Agreement and the Loan Documents relating to the Loan Facility (as applicable) and such other agreements, instruments, and documents to the DIP Lender in the name of and on behalf of such Company;

**Chapter 11 Petitions**

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to each Company, its Governing Body, after consultation with such Company's management and legal and financial advisors, has determined that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a voluntary petition be filed by such Company in the United States Bankruptcy Court for the

District of Delaware (the "Bankruptcy Court") seeking relief under chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and

**FURTHER RESOLVED**, that, with respect to each Company, each director and officer of each Company, including for the avoidance of doubt, the Chief Executive Officer or Sole Director or Sole Manager of each Company serving at such time (as such, an "Authorized Person"), be, and each hereby is, authorized and empowered, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, and perform, in the name and on behalf of the applicable Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents (collectively, the "Bankruptcy Filings") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate, or advisable, the execution and delivery of any of the Bankruptcy Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to take and perform any and all further acts and deeds that such Authorized Person, in consultation with the Company's advisors, deems necessary, appropriate, or advisable in connection with such Company's Chapter 11 Case or the Bankruptcy Filings, including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or advisable, and (ii) the negotiation, execution, delivery, performance, and filing of any and all additional documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and

**FURTHER RESOLVED**, that, with respect to each Company, all acts lawfully done or actions lawfully taken by any of the Authorized Persons to seek relief on behalf of such Company under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case or any matter related thereto be, and they hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Companies; and

**Retention of Professionals**

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to retain the law firm of Reed Smith LLP, located at 1201 North Market Street, Suite 1500, Wilmington, DE 19801, to render legal services to the Company in connection with such Company's Chapter 11 Case and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to retain the investment banking and financial advisory firm of Solomon Partners, located at 1345 6th Avenue, New York, NY 10105, to render investment banking services to the Company in connection with such Company's Chapter 11 Case and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such

Company, to retain the administrative services of Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, to render administrative, claims, and noticing agent services to the Company in connection with such Company's Chapter 11 Case and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve; and

[**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to retain the law firm of Graubard Miller, located at 405 Lexington Avenue New York, New York, to render legal services to the Company in connection with such Company's Chapter 11 Case as may be necessary or requested and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve, together with going-forward general legal work that may be requested by any Company; and

**FURTHER RESOLVED**, that each of the Authorized Persons hereby is authorized, empowered, and directed, on behalf of and in the name of the Companies, to pay all necessary and reasonable fees and expenses incurred in connection with the transactions contemplated by these resolutions; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to negotiate, execute, deliver, file, and perform any agreement, document, or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses, and taxes) that such Authorized Person deems necessary, appropriate, or advisable in connection with such Company's Chapter 11 Case, including, without limitation, negotiation, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Companies' Chapter 11 Cases; and

**Debtor-in-Possession Loan Facility**

**FURTHER RESOLVED**, that the Governing Body of each Company hereby adopts and approves the proposed Loan Facility;

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to negotiate and prepare the form, terms, and provisions of, and to execute and deliver, for and on behalf of such Company, the DIP Term Sheet, the DIP Credit Agreement, the Loan Documents, and any and all such other agreements, documents, instruments, certificates, and other transaction documents that any Authorized Person deems necessary, appropriate, or advisable to consummate the transactions contemplated by the DIP Credit Agreement and the Loan Documents (together with the DIP Credit Agreement and the Loan Documents, the "Transaction Documents"), in such form as may be approved by the Authorized Person executing and delivering the same, such Authorized Person's execution or delivery thereof to be conclusive evidence of such approval thereof by such Authorized Person and the approval of the Governing Body of such Company; and

**FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to do and perform such further acts and things, including, without limitation, the execution and delivery of any amendments, modifications, extensions, renewals, or supplements to the Loan Documents and any other Transaction Documents (including, without limitation, supplemental or additional collateral documents encumbering or otherwise securing assets and properties of such Company acquired after the

closing of the Loan Facility), as may be necessary or deemed appropriate by such Authorized Person in connection with any of the Transaction Documents and the transactions contemplated thereby or which may be necessary or appropriate to comply with or evidence compliance with the terms, conditions, and provisions of any of the Transaction Documents, and that the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Governing Body of such Company; and

**General**

    **FURTHER RESOLVED**, that, to the extent any Company is a shareholder, member, or other owner of another Company, the Governing Body of each such parent Company hereby authorizes and approves, in its capacity as a shareholder, member, or other owner of each such subsidiary Company, (i) the Chapter 11 Cases and the Bankruptcy Filings, (ii) the retention of professionals in connection with the Companies' Chapter 11 Cases, (iii) the execution, delivery, and performance of the Transaction Documents to which each subsidiary Company is a party, including, without limitation, any and all amendments, modifications, extensions, renewals, or supplements thereto, and (iv) the performance of all acts and deeds in furtherance of the foregoing and these resolutions; and

    **FURTHER RESOLVED**, that, with respect to each Company, any Authorized Person be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Company, to take, cause to be taken, or perform any and all further acts or deeds, including, without limitation, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes, certificates, mortgages, or charges not now known but which may be required, (ii) the execution, delivery, and filing (if applicable) of any of the foregoing in such form as any Authorized Person shall in such Authorized Person's absolute discretion and sole opinion approve, and (iii) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, or advisable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and

    **FURTHER RESOLVED**, that any and all past or prior actions heretofore taken by any Authorized Person or any other officer, director, manager, or member of any Company, in the name and on behalf of such Company, in furtherance of any or all of the preceding resolutions, including but not limited to, the signing of any agreements, resolutions, deeds, letters, notices, certificates, acknowledgements, receipts, authorizations, instructions, releases, waivers, proxies, and other documents (whether of a like nature or not), and the payment of all and any related fees and expenses be, and the same hereby are, ratified, confirmed, and approved in all respects; and

    **FURTHER RESOLVED**, that the Secretary of each Company is hereby authorized and empowered to certify that these resolutions have been duly adopted to such person or persons as the Secretary deems entitled thereto, to attest or witness the execution of the documents authorized by the foregoing resolutions, to sign and affix each Company's seal to such documents as may be necessary, appropriate, or advisable, and to file these resolutions in the books and records of each Company.

*[signature page follows]*

**THE BOARD OF CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.:**



William J. Rouhana, Jr.

Christopher Mitchell

Bart M. Schwartz (Member of the Strategic Review Committee)

Joshua Mandel (Member of the Strategic Review Committee)

Steven Goldsmith (Member of the Strategic Review Committee)

**CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC**. (as the ultimate owner of 100% of the outstanding capital stock and membership interests of the Corporate Subsidiaries and LLC Subsidiaries, as applicable):

By: 
Bart M. Schwartz
Chief Executive Officer

**STEVEN GOLDSMITH**, as the sole director of the Corporate Subsidiaries - CSS AVOD Inc. and Pivotshare, Inc.


Steven Goldsmith

**STEVEN GOLDSMITH**, as the sole manager of the LLC Subsidiaries – 757 Film Acquisition LLC, Chicken Soup For the Soul Studios, LLC, Chicken Soup For the Soul Television Group, LLC, Crackle Plus, LLC, CSSESIG, LLC, Digital Media Enterprises LLC, Halcyon Studios, LLC, Halcyon Television, LLC, Landmark Studio Group LLC, RB Second Merger Sub LLC, Redbox Automated Retail, LLC, Redbox Entertainment, LLC, Redbox Holdings, LLC, Redbox Incentives LLC, Redwood Intermediate, LLC, Screen Media Films, LLC, Screen Media Ventures, LLC, and TOFG LLC

DocuSigned by:

*Steven Goldsmith*

—————————————————————
3DE0579883AE4A1...

Steven Goldsmith

[*Signature Page to Resolution*]

**THE BOARD OF LOCOMOTIVE GLOBAL, INC.:**

William J. Rouhana, Jr.
_____
William J. Rouhana, Jr.

David Ellender
_____
David Ellender

Scott Anderson
_____
Scott Anderson

_____
Sunder Aaron

David Fannon
_____
David Fannon

[*Signature Page to Resolution*]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1] | Case No. 24-_____ |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the undersigned authorized officer of each of the above-captioned debtors and debtors-in-possession (each, a "Debtor" and, collectively, the "Debtors") hereby certifies, to the best of his knowledge, information, and belief, as follows:

1.     As of the commencement of the above-captioned chapter 11 cases, Chicken Soup for the Soul Entertainment Inc. ("CSSE") had 6,897,048 shares of Series A cumulative redeemable perpetual preferred stock issued and outstanding; 27,237,500 shares of Class A common stock issued and 24,804,458 outstanding; and 7,654,506 shares of Class B common stock issued and outstanding.  The Debtors cannot practically obtain in the timeframe required the precise number of holders of common stock.  Given the large number of holders, CSSE will file a motion contemporaneously herewith, pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).  The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

Procedure, requesting a waiver of the requirement to file its equity security holder list with the court.  For purposes of Bankruptcy Rule 7007.1, Chicken Soup for the Soul, LLC ("<u>CSS</u>"), the immediate parent company, owns more than 10% of the outstanding voting stock of CSSE.  Chicken Soup for the Soul Holdings, LLC wholly owns CSS and thus beneficially owns all shares of CSSE owned by CSS.

2.      Debtor CSSE owns 100% of the membership or equity interests (whichever is applicable) in the following Debtors:

- Chicken Soup for the Soul Television Group, LLC;

- Crackle Plus, LLC;

- CSSESIG, LLC;

- Halcyon Television, LLC;

- Landmark Studio Group LLC;

- Pivotshare, Inc.;

- RB Second Merger Sub LLC; and

- Screen Media Ventures, LLC.

3.      Debtor CSSE owns 95% of the equity interests in Debtor CSS AVOD Inc. and Midcap Financial Trust[2] owns 5% of the equity interests in CSS AVOD Inc.

4.      Debtor Chicken Soup for the Soul Television Group, LLC owns 100% of the membership interests in the following Debtors:

- Chicken Soup for the Soul Studios, LLC; and

- Halcyon Studios, LLC.

---

[2]      Midcap Financial Trust's address is c/o MidCap Financial Services, LLC, as servicer 7255 Woodmont Avenue, Suite 300, Bethesda, MD 20814.

5.      Debtor Chicken Soup for the Soul Television Group, LLC owns 51% of the equity interests in Locomotive Global, Inc., and Locomotive Global Holdings, Inc. owns 49% of the equity interests in Locomotive Global, Inc.

6.      Debtor RB Second Merger Sub LLC owns 100% of the membership interests in Debtor Redwood Intermediate, LLC.

7.      Debtor Redwood Intermediate, LLC owns 100% of the membership interests in Debtor Redbox Automated Retail, LLC.

8.      Debtor Redbox Automated Retail, LLC owns 100% of the membership interests in Debtor Redbox Holdings, LLC and Debtor Redbox Incentives LLC.

9.      Debtor Redbox Holdings, LLC owns 100% of the membership interests in Debtor Redbox Entertainment, LLC.

10.     Debtor Screen Media Ventures, LLC owns 100% of the membership interests in the following Debtors:

- 757 Film Acquisition LLC;

- Digital Media Enterprises LLC;

- Screen Media Films, LLC; and

- TOFG LLC.

11.     The corporate headquarters of the Debtors is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

**Fill in this information to identify the case:**

Debtor name __Chicken Soup for the Soul Entertainment Inc.__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: **Consolidated** List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders 12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 U.S. Bank National Association, as indenture trustee 214 N. Tryon St., 26th Fl. Charlotte, NC 28202 | Laura L. Moran (617) 603-6429 laura.moran@usbank.com | Unsecured Notes | | | | $46,995,155.26 |
| 2 Universal Studios Home Entertainment LLC 12563 Collection Center Dr. Chicago, IL 60693 | Michael Bonner (310) 721-3790 michael.bonner@nbcuni.com | Litigation Claim | Unliquidated Disputed | | | $16,760,900.00 |
| 3 Universal City Studios Productions LLLP 12563 Collection Center Dr. Chicago, IL 60693 | Michael Bonner (310) 721-3790 michael.bonner@nbcuni.com | Litigation Claim | Unliquidated Disputed | | | $16,760,900.00 |
| 4 Guggenheim Securities, LLC 330 Madison Ave., Fl. 8 New York, NY 10017 | Ethan Sawyer (646) 265-4630 ethan.sawyer@guggenheim partners.com | Trade Payables - Intellectual Rights/ Royalties | | | | $9,863,389.04 |
| 5 Sony Pictures Home Entertainment 10202 Washington Blvd. Culver City, CA 90232 | Maria Anguelova (310) 227-9072 maria_anguelova@spe.sony.com | Trade Payables - Intellectual Rights/ Royalties | Unliquidated Disputed | | | $9,110,557.89 |
| 6 BBC Studios Americas, Inc. 1120 Avenue of the Americas, 5th Floor New York, NY 10036 | Matt Perry +44 7834 614313 matthew.perry@bbc.com | Trade Payables | | | | $9,020,000.00 |
| 7 Ellation, LLC 444 Bush St. San Francisco, CA 94108 | Maria Anguelova (310) 227-9072 maria_anguelova@spe.sony.com | Trade Payables - Intellectual Rights/ Royalties | Unliquidated Disputed | | | $6,608,311.36 |
| 8 Walgreen Company 14130 Collection Center Dr. Chicago, IL 60693 | Claire Redington Kasson (847) 274-3426 claire.redington@walgreens.com | Trade Payables | | | | $4,999,413.50 |

Debtor   **Chicken Soup for the Soul Entertainment Inc.**

_____
Name

Case number _(if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Lionsgate Entertainment 4 Chase Metrotech Center, 7th Fl. E Brooklyn, NY 11245 | Jim Packer (310) 600-3700 jpacker@lionsgate.com | Trade Payables | | | | $4,643,804.16 |
| 10 | 120DB Film Finance LLC 75 Mill River Rd, South Salem, NY 10590 | Peter Graham (914) 533-5241 graham@120dbfilms.com | Trade Payables - Intellectual Rights/ Royalties | | | | $4,325,342.07 |
| 11 | Wal-Mart Stores, Inc. 702 SW 8th St. Bentonville, AR 72716 | Anne Johnson (479) 640-5472 anne.johnson@walmart.com | Trade Payables | | | | $4,143,986.97 |
| 12 | PJT Partners 280 Park Ave. New York, NY 10017 | Jamie O'Connell (212) 364-7800 oconnell@pjtpartners.com | Professional Services | | | | $3,373,741.00 |
| 13 | VIZIO Services, LLC 39 Tesla Irvine, CA 92618 | Mike O'Donnell (973) 476-6922 mike.odonnell@vizio.com | Trade Payables | | | | $2,750,160.60 |
| 14 | Sony Pictures Television Inc. 21872 Network Pl. Chicago, IL 60673 | Maria Anguelova (310) 227-9072 maria_anguelova@spe.sony.com | Trade Payables | Unliquidated Disputed | | | $2,416,468.48 |
| 15 | Culver Digital Distribution Inc. 10202 West Washington Blvd. Culver City, CA 90232 | Maria Anguelova (310) 227-9072 maria_anguelova@spe.sony.com | Trade Payables - Intellectual Rights/ Royalties | | | | $2,269,566.10 |
| 16 | MGM Domestic Television Distribution LLC 245 N. Beverly Drive Beverly Hills, CA 90210 | Edrianne Wenger (301) 785-9087 edwenger@amazon.com | Trade Payables - Intellectual Rights/ Royalties | | | | $2,055,952.56 |
| 17 | Warner Bros. Home Entertainment Dept Ch # 10255 Palatine, IL 60055 | Mike Takac (818) 640-1886 mike.takac@wbd.com | Trade Payables | | | | $2,003,103.49 |
| 18 | FUNimation Productions, LLC 1200 Lakeside Pkwy Flower Mound, FL 75028 | Fadhilah Lee (972) 355-7300 fadhilah.lee@funimation.com | Trade Payables - Leased Facility | Unliquidated Disputed | | | $1,962,917.79 |
| 19 | Paramount Pictures Corporation 5555 Melrose Ave. Los Angeles, CA 90038 | Craig White (323) 326-9218 craig_white@paramount.com | Trade Payables | | | | $1,958,761.46 |
| 20 | Automotive Rentals, Inc. PO Box 8500-4375 Philadelphia, PA 19178 | Hannah Ogle (856) 727-7065 hannah.ogle@holman.com | Trade Payables | Unliquidated Disputed | | | $1,749,558.90 |

Debtor   <u>Chicken Soup for the Soul Entertainment</u> Inc.      Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | BRE Imagination Office Holdco LLC PO Box 209259 Austin, TX 78720 | Carrie Szarzynski (630) 317-0718 cszarzynski@hiffman.com | Trade Payables | | | | $1,433,486.09 |
| 22 | Continental Stock Transfer & Trust Co. 1 State St. Fl. 30 New York, NY 10004 | Luis Ortiz (212) 616-6890 lortiz@continentalstock.com | Trade Payables - Leased Facility | | | | $1,431,577.65 |
| 23 | Langley Television Distribution, LLC 1111 Broadway Santa Monica, CA 90401 | Morgan Langley (407) 286-6490 morgan@cops.com | Trade Payables | | | | $1,381,334.09 |
| 24 | TheMathCompany Pvt. Ltd. 4512 Legacy Dr., Unit 100 Plano, TX 75024 | Piyush Mundhra (512) 925-6396 piyush.mundhra@themathcompany.com | Trade Payables | | | | $1,378,211.00 |
| 25 | Joseph P. Day Realty Corp. 9 E 40th St. New York, NY 10016 | Rich Teichman (212) 889-7460 rit@jpday.com | Trade Payables | Unliquidated Disputed | | | $1,262,400.04 |
| 26 | 828 Media 30671 Steeplechase Dr San Juan Capistrano, CA 92675 | Stephanie Denton (424) 652-4009 sdenton@828productions.com | Trade Payables - Intellectual Rights/ Royalties | | | | $1,257,500.30 |
| 27 | Plex GmbH 6370 Stans, Nidwalden Hansmatt 31 Switzerland | Audrey Layman audrey.layman@plexapp.com | Trade Payables | | | | $1,249,376.93 |
| 28 | Comsys Information Technology Serv. 29810 Network Place Chicago, IL 60673 | Elaina Buchanan (404) 374-4095 elaina.buchanan@tapfin.com | Trade Payables - Intellectual Rights/ Royalties | | | | $1,234,272.13 |
| 29 | Glewed Media, LLC 5901 Broken Sound Pkwy, Suite 450 Boca Raton, FL 33487 | Matt Herpich (844) 445-3933 matthew@glewed.tv | Trade Payables | | | | $1,208,991.30 |
| 30 | Paramount Home Entertainment PO Box 70650 Chicago, IL 60673 | Craig White (323) 326-9218 craig_white@paramount.com | Trade Payables | | | | $1,201,469.53 |
| | | | | | | | |
| | | | | | | | |